**BLD-114**                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1236
_____

In re:  LUIS FIGUEROA,
                                                 Petitioner

_____

On a Petition for Writ of Prohibition from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 98-cr-00105-14)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 9, 2012
Before:  SCIRICA, SMITH AND CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 14, 2012)
_____

OPINION
_____

PER CURIAM

Petitioner Luis Figueroa, proceeding pro se and in forma pauperis, has filed a

petition for writ of prohibition alleging that the United States District Court for the

Eastern District of Pennsylvania improperly handled his criminal proceedings.  He

requests that we "prevent the United States District Court from usurping its power and

enforcing [an] illegal judgment obtained through the empanelling" of a second jury, "or

in the alternative issue a Declaratory Judgment on the question presented."  For the

following reasons, we will deny Figueroa's petition.

1

This is the latest of several attempts by Figueroa to challenge his federal conviction and sentence. Figueroa was found guilty of conspiring to distribute more than five kilograms of cocaine. Before sentencing, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000). In light of Apprendi, the District Court empanelled a second jury to make findings regarding drug quantity, and the probation office recommended a life sentence on the basis of those findings. On the advice of counsel, Figueroa waived his appellate and collateral challenge rights in exchange for a sentence of 420 months of imprisonment. The District Court held a colloquy, accepted Figueroa's waiver, and sentenced him accordingly. He now seeks a writ of prohibition, in which he asserts that the District Court erred by "granting the government's request to empanel a second jury to make a determination of a greater offense after a valid conviction by the original jury panel for a lesser included offense."

A writ of prohibition is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking this relief must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." See Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted) (discussing writ of mandamus). Figueroa has not shown that he is entitled to relief. He states that he wants us "to restore [him] to the position occupied before the wrong was committed , . . . restore the verdict of the first jury panel and sentence [him] accordingly." A writ of prohibition is not the appropriate vehicle for such a remedy or for challenging his

2

sentence.[1]  See United States v. Santtini, 963 F.2d 585, 590 (3d Cir. 1992) ("It is well

established that a writ of prohibition may not be used as a substitute for review by

appeal.").  Accordingly, we will deny Figueroa's petition.

---

[1] We note that Figueroa has already filed several unsuccessful motions under 28 U.S.C. § 2255 and Rule 60(b) of the Federal Rules of Civil Procedure, challenging the empanelling of the second jury, his waiver of his appellate rights, and his sentence.